UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERNEST GAYLOR                                    CIVIL ACTION

VERSUS                                           NO. 14-2398

CANAL BARGE COMPANY, INC.                        SECTION "C"  (4)

ORDER AND REASONS

This matter comes before the Court on motion for partial summary judgment

filed by the defendant, Canal Barge Company, Inc.  ("Canal Barge").  Having considered

the record, the memoranda of counsel and the law, the Court has determined that

partial summary judgment is appropriate for the following reasons.

I. Background

The plaintiff, Ernest Gaylor ("Gaylor") filed this complaint for damages under the

Jones Act, general maritime law and diversity. He claims to have been injured on April

11, 2014, while employed as a seaman for Canal Barge.  Specifically, he claims

negligence and unseaworthiness as the cause of the accident, which occurred when he

attempted to pick up and move a box of groceries on Canal Barge's vessel.  Canal Barge

seeks the dismissal of the Jones Act and unseaworthiness claims, leaving the

maintenance and cure claim for trial.

It is undisputed that Gaylor began working as a cook for Canal Barge in June

2009, and had worked as a cook for other employers for a total of fifteen years. Gaylor readily admitted in deposition testimony that he has been repeatedly trained in safe lifting techniques by Canal Barge and other employers. At the time of the incident, Gaylor and deckhand Jeff Daniels ("Daniels") were in the galley storing groceries, a responsibility that was Gaylor's.

Gaylor testified in deposition that he was injured when he lifted an opened box of individual packages of meat in an effort to move it closer to the freezer. The box had been placed on the floor by Daniels between three to four feet away from the freezer. He testified that the box measured approximately 2.5 feet wide and 2-3 inches deep. According to his deposition testimony, he thought the box weighed between 60-80 pounds. It is also undisputed that Daniels was nearby at all time available to assist Gaylor.

II. Standard of Review

Summary judgment should be granted when there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1996).

2

When the nonmoving party would bear the burden of proof on an issue at trial,
the party moving for summary judgment on that issue "bears the initial responsibility
of informing the district court of the basis for its motion, and identifying those portions
of '[discovery], together with the affidavits, if any,' which it believes demonstrate the
absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106
S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Once the initial burden is met, the nonmoving
party must "designate specific facts showing there is a genuine issue for trial" using
evidence cognizable under Rule 56. *Id.* at 324, 106 S. Ct. at 2253. On the other hand,
when the moving party would bear the burden of persuasion on an issue at trial, it must
come forward with evidence that would entitle it to a directed verdict if uncontroverted
at trial. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991); *see also*
*Celotex Corp.*, 477 U.S. at 331, 106 S. Ct. at 2557 (White, J. concurring) (citing 10A C.
Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2727, p. 121 (2d ed.
1983)). If this initial burden is met, the burden then shifts to the nonmoving party to
either come forward with evidence showing a genuine issue for trial or to demonstrate
the ability to develop such evidence through discovery. *Int'l Shortstop, Inc.*, 939 F.2d at
1265.

"[U]nsubstantiated assertions" and "conclusory allegations" will not defeat a

properly supported motion for summary judgment. *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511 (internal citations omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S. Ct. at 2510.

When reviewing a motion for summary judgment, a court must view the evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Daniels v. City of Arlington, Texas*, 246 F.3d 500, 502 (5th Cir. 2001). Summary judgment does not allow a court to resolve credibility issues or weigh evidence. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

III. Analysis

*A. Unseaworthiness & Jones Act Negligence*

The vessel owner must provide a vessel and appurtenances that is reasonably fit for its intended use and is liable to seamen for injuries proximately caused by the unseaworthiness of the vessels. *Boudreaux v. United States*, 280 F.3d 461, 468 (5th Cir. 2002). This liability is distinct from negligence and involves a condition, regardless of

4

how that condition arose; an isolated act of negligence does not establish unseaworthiness. *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 498; 91 S.Ct. 514; 27 L.Ed.2d 562 (1971). A vessel may be unseaworthy due to circumstances that include an unfit crew, defective gear, or provision of unsafe methods of work. *Rogers v. Eagle Offshore Drilling Serv.*, 764 F.2d 300, 303 (5th Cir. 1985).

The Jones Act creates a statutory cause of action for negligence. *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 415, 129 S.Ct. 2561, 2570, 2009 A.M.C. 1521 (2009). Under the Jones Act, an employer owes its employees a duty of reasonable care. *Verrett v. McDonough Marine Serv.*, 705 F.2d 1437, 1441 (5th Cir. 1983). Liability is established if the employer's negligence played a part, however slight, in causing the plaintiff's injury. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997)(en banc).

The Jones Act simultaneously obligates the seaman to act with ordinary care under the circumstances. *Id*. at 339. The seaman must act with the care, skill, and ability expected of a reasonable seaman in like circumstances. *Id*. Thus, comparative negligence applies under the Jones Act, "barring an injured party from recovering for the damages sustained as a result of his own fault." *Miles v. Melrose*, 882 F.2d 976, 984 (5th Cir. 1989) *aff'd sub nom. Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S. Ct. 317, 112 L. Ed. 2d 275 (1990). "[T]he defendant has the burden of proving that the plaintiff was

contributorily negligent and that such negligence was the proximate cause in producing his injury." *Id.* If an accident is caused solely by the plaintiff's own fault, there can be no recovery. *Miles*, 882 F.2d at 984.

Canal Barge argues in this motion that the plaintiff can not establish unseaworthiness and/or Jones Act negligence as a matter of law under the undisputed material facts. According to the plaintiff, he was using proper lifting procedures because he was bending at the knees and lifting with the legs at the time of the accident. He argues that Canal Barge failed to provide a reasonably safe place to work, failed to adequately train and implement safe work methods, and did not provide a seaworthy vessel "because there was an unsafe method of work being used and an unfit crew." Rec. Doc. 19 at 5. Gaylor also argues that the box should have been placed "right next" to the freezer in order to avoid utilizing other unsafe methods of unloading it. *Id.* Gaylor's argument is based, in part, on a safety expert report that states that the box was too heavy for Gaylor alone to lift according to its own standards for cooks, while noting that Gaylor did not ask for assistance. Rec. Doc. 19 at 6; 19-2. As explained by the plaintiff in opposition:

> His injury did not occur because he used improper lifting techniques; it occurred because Canal did not provide its employees with a maximum weight they should safely lift on their own and did not provide guidelines for the deckhands – the ones unloading boxes of groceries and placing them in the galley for

6

> unpacking – with any guidelines or procedures on how to perform this task in the safest manner possible.

*Id.* "Further, Canal did not provide the cooks themselves with any guidelines for safely unpacking and putting groceries away, of which there were a substantial amount ... In sum, Canal did not adequately train, instruct, or supervise Mr. Gaylor or its deckhands in the proper and safe methods they should be using to accomplish the task at hand." *Id.* "Essentially, what is the safest way possible to perform the task is left to the discretion of the employee performing it."  Rec. Doc. 19 at 7.  Gaylor assigns fault to the captain because he "was his supervisor and responsible for his safety..."  Rec. Doc. 19 at 8.

As recognized by the undersigned in *Patterson v. Omega Protein, Inc.*, 26 F.Supp.3d 544 (E.D.La. 2014), Jones Act and unseaworthiness claims related to lifting and carrying accidents are frequently barred or limited by the seaman's own fault. In *Williams v. International Construction Group, LLC*, Judge Fallon granted summary judgment in a case in which plaintiff was injured attempting to lift a heavy "pad eye" because of plaintiff's failure to seek the help of others around before attempting the lift, the failure to employ equipment available, his training in safe lifting, and stop work authority. 2011 WL 1116312 at *4 (E.D. La. March 23, 2011). Similarly, in *Domingue v. Offshore Services Vessels, LLC*, Judge Lemmon granted summary judgment in a case in

which plaintiff was required to take a safety class, had the opportunity to ask for help,

but did not, and did not use a tool available for assistance. 2009 WL 3254147 at *2-3

(E.D. La. Oct. 7, 2009).

Gaylor was forthright in admitting in deposition testimony that he routinely

stored such boxes and that he knew there were safe alternatives available with regard to

either lifting, repositioning, unpacking  the box.  He admitted to being trained

repeatedly by Canal Barge that, in addition to bending at the knees and lifting with the

legs, proper lifting techniques include sizing up the object to determine if it can be lifted

without assistance, seeking assistance if in doubt, ensuring a clear path and firm footing

for carrying.  Rec. Doc. 15-2 at 18–20.   This is insufficient to raise a genuine issue of

material fact as to either the Jones Act or unseaworthiness claims.

With regard to the plaintiff's argument that the plaintiff's estimated weight of the

box exceeded Canal Barge's own standards, it is undisputed that Gaylor testified in

deposition that he thought the company had a 50-pound maximum in place, while

undertaking to lift a box he estimated to weigh as much as 80 pounds without even

asking for assistance.  Rec. Doc. 15-2 at 38.  He chose to lift a box he thought was heavier

than what he thought was the maximum allowed while surrounded by and trained in

other safe methods.  That argument fails for a lack of logic and proof.

Plaintiff's primary reliance on the decision by Judge Fallon in *Nichols v. Weeks Marine, Inc.*, 513  F.Supp2d 627 (E.D.La. 2007) is misplaced; there is no showing here that the defendant failed to instruct or provide the plaintiff with a "safe" method of lifting or that it failed to abide by its own safety regulations, or that either were a cause of the accident.  Rec. Doc. 19 at 10.   Sadly, the Court is left with the impression that Gaylor was a competent cook throughout his career, and that the level of argument presented by counsel in this lawsuit seems to detract from his accomplishments and abilities.

Accordingly,

IT IS ORDERED that the motion for partial summary judgment filed by the defendant, Canal Barge Company, Inc. is GRANTED.  Rec. Doc. 15.

New Orleans, Louisiana, this 10th  day of September, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE